IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Paul Kaufmann, | Case No. 09 CV 2517 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ohio Edison Company, | |
| Defendant. | |

### INTRODUCTION

This matter is before the Court on Defendant's Motion for Taxation of Costs (Doc. No. 47). For the reasons that follow, Defendant's Motion is granted in part and denied in part.

Plaintiff Paul Kaufmann ("Kaufmann") was employed by Defendant Ohio Edison Company ("OEC") as a lineman from October 2007 until October 2008. Kaufmann sued OEC pursuant to the Americans with Disabilities Act ("ADA"), claiming he was disabled for a period of eight weeks, and that OEC discriminated against him and failed to reasonably accommodate him (Doc. No. 1). Kaufmann later amended his Complaint to include claims under the Family Medical Leave Act ("FMLA"), stating that he was an eligible employee under the FMLA, and that OEC illegally denied him leave and retaliated against him because of his usage of leave (Doc. No. 20).

OEC filed a Motion for Summary Judgment, contending that Kaufmann was not disabled as defined under the ADA, that he was not an eligible employee under the FMLA, and that it did not retaliate against Kaufmann for taking medical leave (Doc. No. 27). The matter was referred to

the Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending the Court grant OEC's Motion for Summary Judgment (Doc. No. 44). This Court adopted the R&R and granted the Motion (Doc. No. 46). OEC subsequently filed this Motion for Taxation of Costs (Doc. No. 47).

## STANDARD

Federal Civil Rule 54(d) states that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Court must determine that the "expenses are allowable cost items and that the amounts are reasonable and necessary." *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005). The language of Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). This discretion is more limited, however, than it would be if the rule were "nondirective." *Id.* at 731–32.

Taxable costs are itemized in 28 U.S.C. § 1920, including "(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; [and] (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

## DISCUSSION

OEC petitions this Court for an award of $1,064.52 as the prevailing party in the litigation. Specifically, OEC requests: (1) $984.25 for court reporter and transcript fees for depositions obtained for use in the case; and (2) $80.27 for copying costs incurred for its mandatory Rule 26 disclosures to plaintiff (Doc. No. 47).

2

In the Sixth Circuit, the unsuccessful party has the burden "to show circumstances sufficient to overcome the presumption" favoring an award of costs to the prevailing party. *White & White, Inc.*, 786 F.2d at 732. Kaufmann contends that OEC is not entitled to the amount it claims because: (1) OEC did not file a Bill of Costs with the Clerk of the Court; (2) the case was close and difficult; and (3) the expenditures by OEC were at least in part unnecessary and unreasonable (Doc. No. 48).

### *Bill of Costs*

Kaufmann fails to cite any rule requiring OEC to submit a Bill of Costs form (Form AO 133) in order to be awarded costs as the prevailing party. OEC submitted a timely Motion for Taxation of Costs, attaching invoices outlining the various costs. Accordingly, this argument is unpersuasive.

### *"Close and Difficult" Case*

One of the circumstances that an unsuccessful party may show to overcome the presumption favoring an award of costs to the prevailing party is that the case was "close and difficult." *White & White, Inc*., 786 F.2d at 730. Kaufmann contends that OEC should be denied costs on this basis. The Sixth Circuit has stated that "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id*. at 732.

The R&R adopted by this Court found that Kaufmann was unable to demonstrate that he was eligible for relief under either the ADA or FMLA (Doc. No. 44 at 10, 12). Kaufmann neither submitted sufficient evidence to prove that he is a person with a disability as defined under the

3

ADA, nor did he demonstrate that he had significant limitations on his ability to work due to his glaucoma. Kaufmann's claim that he was discriminated against under the FMLA was found to be invalid because he was not an FMLA-eligible employee, having only worked 841.5 hours for OEC, less than the 1,250 required by the Act. Kaufmann also provided no evidence to demonstrate that he had faced discrimination or retaliation by OEC, whereas OEC provided evidence that Kaufmann had been terminated for cause. Finally, Kaufmann did not challenge or object to any of the Magistrate's recommendations. This Court is not persuaded that this was a close and difficult case so as to overcome the presumption favoring an award of costs to OEC as the prevailing party.

*Unnecessary and Unreasonable Costs*

**Deposition transcripts**

Kaufmann contends that OEC's expenditures were at least in part unnecessary and unreasonable. Kaufmann specifically contests costs for the five transcripts ordered by OEC.

Kaufmann contests four of the transcripts because he conducted the depositions, yet OEC chose to order and file originals. OEC did, however, use these depositions in its Motion for Summary Judgment. Accordingly, those depositions are found to be necessary to the litigation.

Kaufmann claims that the last transcript, for James Smith, was unnecessary because OEC did not cite to it in its Motion for Summary Judgment. Kaufmann did use Smith's deposition in his Opposition to the Motion and filed a copy of the transcript with the Court at that time. The transcript would have been available to OEC through CM/ECF, the Court's electronic docketing system, to be used in formulating its Reply Memorandum. The costs for this transcript were thus unnecessary, and are excluded under Federal Civil Rule 54(b).

OEC seeks reimbursement for the court reporter and transcript fees for the five depositions in the case, totaling $984.25. In light of the above, the Court finds that costs for four depositions are reasonable and necessary, but not the Smith deposition. The cost of the Smith deposition, $100.25, is deducted from the amount requested by OEC.

A charge of $15.00 was included in the invoice for four of the original transcripts ordered by OEC. Fees for postage, including shipping and handling charges, are overhead and not taxable under Section 1920(2). *See Elabaid v. Trans-West, Exp. LLC*, 2006 WL 1866137, at *2 (N.D. Ohio 2006). The $15.00 charge is not taxable and is deducted from the amount requested by OEC.

OEC is awarded $869 for deposition-related costs.

**Copying Costs**

OEC claims that it is entitled to recover $80.27 for copying costs incurred for its Rule 26 disclosures to Kaufmann that were mandatory and necessary to the litigation. In this District, a prevailing party may recover the reasonable costs of photocopying. *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 684 F. Supp. 953, 961 (N.D. Ohio 1988). However, the party seeking reimbursement has the burden to show that the copies were necessary for use in the litigation; "convenience copies" or extra copies are ordinarily not recoverable. *Kelly v. Montgomery Lynch & Assoc., Inc*, 2008 WL 4560744, at *6 (N.D. Ohio 2008).

This Court finds that OEC has not met its burden of proof with respect to photocopying costs. In Exhibit A of the Motion for Taxation of Costs, OEC provides an invoice from M&M Printing in the amount of $80.27 for copy-related costs (Doc. No. 47). OEC fails to demonstrate, however, that the attached invoice was for necessary copies to provide the mandatory Rule 26

5

disclosures, nor does the invoice even demonstrate that the costs were associated with this litigation. OEC's request for copying costs is denied.

## CONCLUSION

For the foregoing reasons, OEC's Motion for Taxation of Costs (Doc. No. 47) is granted in part and denied in part. OEC is awarded total costs in the amount of Eight Hundred Sixty-Nine Dollars ($869).

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

                                            March 8, 2011